IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-58,088-03






EX PARTE ROBERT WILLIAM TEAR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0020976-TP IN THE 203RD DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of 
aggravated sexual assault. He was placed on probation for ten years for one count and sentenced to 
prison for fifteen years for `the other count. The Fifth Court of Appeals affirmed his convictions. 
Tear v. State, No. 05-01-00166-CR (Tex. App.--Dallas 2002, pet. ref'd).

 This is a subsequent application for a writ of habeas corpus. Tex. Code Crim. Proc. art.
11.07, § 4. In six grounds, Applicant contends that trial counsel rendered ineffective assistance. 
Those grounds relating to Applicant's probated sentence are dismissed. Ex parte Renier, 734
S.W.2d 349 (Tex. Crim. App.1987). We find that the factual basis of Applicant's first ground was
not previously available. After reviewing its merits, we conclude, however, that Applicant has not
demonstrated that there is a reasonable probability that the result would have been different. 
Strickland v. Washington, 466 U.S. 668, 694 (1984). This ground is denied. Applicant's remaining
grounds are dismissed pursuant to Article 11.07, § 4. Accordingly, this application is dismissed in
part and denied in part.


Filed: June 12, 2013

Do not publish